UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

BRIAN BROWNELL              :
                            :
v.                          :       C.A. No. 19-00440-WES
                            :
PATRICIA COYNE-FAGUE, et. al.  :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

On August 20, 2019, Plaintiff Brian Brownell, an inmate at the Rhode Island Adult Correctional Institutions ("ACI"), filed a handwritten pro se Complaint alleging violations of 42 U.S.C. § 1983 against the Rhode Island Department of Corrections and various prison administrators and officials. (ECF No. 1). In brief, he claims the ACI has not adequately accommodated his disabilities and that he has suffered constitutional deprivations. Defendant Jennifer Clarke, MD, Medical Program Director at the ACI, filed her Motion to Dismiss the Complaint under Fed. R. Civ. P. 8(a), and for failure to state a claim. (ECF No. 7). Defendants Lynda Aul, Patricia Coyne-Fague, Rui Diniz, Ryan Hayes, Kathy Lyons, Pauline Marcussen and the Rhode Island Department of Corrections, (the "State Defendants") have moved to dismiss the claims as both unexhausted and for failure to comply with Fed. R. Civ. P. 8(a)(2). (ECF No. 18). Plaintiff filed Objections to the Motions. (ECF Nos. 22, 24). For the reasons set forth below, I recommend that the Motions to Dismiss (ECF Nos. 7, 18) be GRANTED and that the Complaint be DISMISSED WITHOUT PREJUDICE.

**Background**

Petitioner filed a handwritten "Complaint for Violation of Civil Rights," in which he alleges that his Constitutional rights under the Eighth and Fourteenth Amendments were violated,

as well as his rights under Title II of the Americans with Disabilities Act. (ECF No. 1 at p. 4). He states that the Defendants "assisted in, or directly ignored [his] legitimate and necessary requests for a single cell status from February 28, 2019 to the present." Id. at pp. 5-6. He further claims he was denied a shower chair, and that he was denied his requests to be moved to "the closest prison module" to the health care services and dining room and for a personal caretaker. Id. at p. 6. Plaintiff also claims he was subjected to derogatory comments from correctional officers. Id. He concedes that he did not file a grievance but contends that Title II of the Technical Assistance Manual for the Americans with Disabilities Act excuses his failure to grieve these claims. Id. at pp. 10-11. He notes that the Manual states that "exhaustion of a public entity's grievance procedure is not a prerequisite to filing a complaint with either a Federal agency or a court." Id. at p. 11.

In ruling on a motion to dismiss filed pursuant to Rule 12(b)(6), the Court construes the Complaint in the light most favorable to the plaintiff, see Greater Providence MRI Ltd. P'ship v. Med. Imaging Network of S. New England, Inc., 32 F. Supp. 2d 491, 493 (D.R.I. 1998); Paradis v. Aetna Cas. & Sur. Co., 796 F. Supp. 59, 61 (D.R.I. 1992), taking all well-pleaded allegations as true and giving the plaintiff the benefit of all reasonable inferences, see Arruda v. Sears, Roebuck & Co., 310 F.3d 13, 18 (1st Cir. 2002); Carreiro v. Rhodes Gill & Co., 68 F.3d 1443, 1446 (1st Cir. 1995); Negron-Gaztambide v. Hernandez-Torres, 35 F.3d 25, 27 (1st Cir. 1994). If under any theory the allegations are sufficient to state a cause of action in accordance with the law, the motion to dismiss must be denied. See Hart v. Mazur, 903 F. Supp. 277, 279 (D.R.I. 1995). While a plaintiff need not plead factual allegations in great detail, the allegations must be sufficiently precise to raise a right to relief beyond mere speculation. See Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) (abrogating the "no set of facts" rule of Conley v. Gibson, 355 U.S. 41, 44-45

(1957)). The complaint "must allege 'a plausible entitlement to relief' in order to survive a motion to dismiss." Thomas v. Rhode Island, 542 F.3d 944, 948 (1st Cir. 2008) (quoting Twombly, 550 U.S. at 559). Further, I have liberally reviewed Plaintiff's allegations and legal claims since they have been put forth by a pro se litigant. See Haines v. Kerner, 404 U.S. 519, 520-521 (1972). However, even applying these liberal standards of review to Plaintiff's Complaint, dismissal is required.

### I. Dr. Clarke's Motion to Dismiss

Dr. Clarke, the Medical Program Director at the ACI, moved to dismiss the claims set forth in the Complaint on two grounds. First, she alleges that Mr. Brownell's Complaint does not contain a "short and plain statement" of his claims against her pursuant to Fed. R. Civ. P. 8(a)(2), and second, she asserts any claims he does allege are not viable as a matter of law under 42 U.S.C. § 1983. The purpose of Rule 8(a)'s "short and plain statement" requirement is to place the Court and the defendants clearly on notice as to what the plaintiff is claiming and who he is bringing those claims against. Salahuddin v. Cuomo, 861 F.2d 40, 42 (2nd Cir. 1988) (pleading must allege facts sufficient to allow defendants to prepare a defense against such claims). In the present case, Dr. Clarke notes that while she is listed in the heading of the Complaint, there are no allegations tied to her conduct in the body of the Complaint. (ECF No. 7 at pp. 5-6). As the Court noted above, in applying a Rule 12(b)(6) standard, the Court must accept as true all plausible factual allegations in the Complaint and draw all reasonable inferences in Plaintiff's favor. Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996). In so doing, the Court is guided by the now-familiar standard requiring the inclusion of facts sufficient to state a plausible claim for relief:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

> reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal citations and quotations omitted). Put differently, for a complaint to survive a motion to dismiss, its "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007).

Applying this standard, Plaintiff's Complaint does not contain enough facts to state a claim against Dr. Clarke. As noted, he fails to identify any basis for naming Dr. Clarke in the Complaint, and without factual support, her inclusion in the Complaint appears to be an unsupported attempt to impose supervisory liability. However, in a § 1983 action, only direct, rather than vicarious, liability is available. See Aponte Matos v. Toledo Davila, 135 F.3d 182, 192 (1st Cir. 1998). At a minimum, to support a claim of supervisory liability, a plaintiff must plead facts indicating an "'affirmative link' between the behavior of a subordinate and the action or inaction of his supervisor…such that 'the supervisor's conduct led inexorably to the constitutional violation.'" Maldonado v. Fontanes, 568 F.3d 263, 275 (1st Cir. 2009) (citations omitted); see also Ashcroft v. Iqbal, 556 U.S. 662 (2009) ("purpose rather than knowledge" is required to impose supervisory liability in a § 1983 action).

The lack of any specific allegations fails to allege the affirmative link necessary to state a plausible claim of supervisory liability under § 1983. Plaintiff fails to adequately plead a factual basis for the required "affirmative link" needed to support any claim of supervisory liability as to Dr. Clarke. In his Objection, Plaintiff states that he "included several letters addressed to the Defendant…and the fact no response was received by the Plaintiff [ ] only clarifies the merits of the Plaintiff's complaint." (ECF No. 22 at p. 1). Dr. Clarke argues that this Objection, received

three months after the response deadline, should be stricken as untimely. (ECF No. 29-1). While Dr. Clarke correctly notes that pro se plaintiffs are not excused from procedural requirements, in the present case, the Court deems it unnecessary to strike the Objection because it does not offer any new information to alter the Court's determination that the Complaint, as drafted, fails to state a claim against Dr. Clarke both because it does not comply with Fed. R. Civ. P. 8(a)(2) and because it does not state a claim for supervisory liability. Accordingly, I recommend that the District Court GRANT Dr. Clarke's Motion to Dismiss (ECF No. 7), DENY her Motion to Strike (ECF No. 29) as MOOT and Dismiss her as a Defendant in this case.

## II. The State Defendants' Motion to Dismiss

Next, the Court considers the State Defendants' Motion to Dismiss the Complaint for failure to exhaust administrative remedies as required under the ACI Inmate Grievance Procedure, as well as for failure to comply with Fed. R. Civ. P. 8(a). Turning first to the exhaustion argument, the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "Section 1997e requires an inmate to exhaust all available administrative processes before filing a federal lawsuit relating to the conditions of his or her confinement, even if some or all of the relief the inmate seeks is not available through the administrative process." Young v. Wall, No. Civ.A. 03-220S, 2006 WL 858085, at *2 (D.R.I. Feb. 27, 2006) (citing Booth v. Churner, 532 U.S. 731, 734 (2001)). The "PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). In Woodford v. Ngo, 548 U.S.

81 (2006), the Supreme Court held that "to properly exhaust administrative remedies prisoners must 'complete the administrative review process in accordance with the applicable procedural rules' – rules that are defined not by the PLRA, but by the prison grievance process itself." Jones v. Bock, 549 U.S. 199, 218 (2007) (quoting Ngo, 548 U.S. at 88) (internal citation omitted; see also id. ("[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.").

Here, Plaintiff concedes in his Complaint that he failed to file a grievance concerning the events underlying his claims. (ECF No. 1 at p. 10). When asked on the Complaint form for "any reasons" that he did not file a grievance, he quotes the ADA's Technical Assistance Manual. Id. at p. 11. Although Plaintiff asserts that he was not required to grieve his ADA claim, his claim is not supported by existing case law, which holds that ADA claims brought by a prisoner must be exhausted prior to bringing suit in federal court. See Bernard v. Wrenn, No. CIV. 07-cv-327-SM, 2009 WL 44205, at *1 (D.N.H. Jan. 6, 2009) (citing cases). Moreover, the ADA's Technical Assistance Manual itself notes that it "has no legally binding effect" and does not "establish legally enforceable responsibilities beyond what is required by the terms of the applicable statutes, regulations, or binding judicial precedent." (ECF No. 18-3 at p. 2). Although Plaintiff includes a "Timeline of Communication and Overview" this does not suffice to satisfy the exhaustion prerequisite. Both the ADA claims as well as the § 1983 claims must all be exhausted prior to commencing an action in the federal court. The sole justification asserted by Plaintiff for non-exhaustion is the reliance upon a guidance manual which professes to have no legally binding effect. Accordingly, I find that Plaintiff did not exhaust the grievance with the ACI and has no valid excuse for not doing so before filing this lawsuit. The Court need not consider the State

Defendants' claims under Rule 8(a), because Plaintiff's failure to exhaust his remedies requires that this Complaint be DISMISSED without prejudice.

**Conclusion**

For the reasons stated, I recommend that Dr. Clarke's Motion to Dismiss (ECF No. 7) be GRANTED, that her Motion to Strike be DENIED (ECF No. 29) and that the State Defendants' Motion to Dismiss (ECF No. 18) be GRANTED. Further, I recommend that the Objections filed by Plaintiff be DENIED (ECF Nos. 22 and 24) and that Plaintiff's Complaint (ECF No. 1) be DISMISSED WITHOUT PREJUDICE.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
April 3, 2020